-1-

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DEBORAH M. SARNO and JOHN P. SARNO, | |
| Plaintiffs, | |
| v. | Case No.: |
| | Dkt. No.: |
| PHILIP MORRIS USA INC., a Virginia for-profit corporation; R.J. REYNOLDS TOBACCO COMPANY, a North Carolina for-profit corporation; LIGGETT GROUP LLC, a Delaware for-profit limited liability corporation; and WALGREEN, CO., an Illinois corporation, | Action Filed: February 3, 2026 |
| | Action Served: February 5, 2026 |
| Defendants. | Jury Demand |

**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY,
PHILIP MORRIS USA INC., AND LIGGETT GROUP LLC'S NOTICE OF REMOVAL**

-1-

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants R.J. Reynolds Tobacco Company ("Reynolds"), Philip Morris USA Inc. ("PM USA"), and Liggett Group LLC ("Liggett") (collectively, the "Manufacturer Defendants")[1] hereby give notice of removal of this action, captioned *Deborah M. Sarno and John P. Sarno v. R.J. Reynolds Tobacco Company, et al.*, bearing case number 2026-L-003129 from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1446(a), the Manufacturer Defendants provide the following statement of the grounds for the removal:

## BACKGROUND

1. On February 3, 2026, Plaintiffs Deborah M. Sarno and John P. Sarno ("Plaintiffs") filed a Complaint (Ex. A) in the Circuit Court of Cook County, Illinois, Case No. 2026-L-001329, alleging that Deborah Sarno was diagnosed with lung cancer with metastasis to the brain— at an unknown date—as a result of smoking cigarettes from 1970 until she quit in 2014. *See* Compl. ¶¶ 2-4.

2. Plaintiffs brought this action, in part, against the Manufacturer Defendants, all of which manufacture, market, and sell cigarettes. As to PM USA only, Plaintiffs assert claims for negligence (Count I), willful and wanton conduct (Count III), strict liability (Count IV), fraudulent concealment (Count V), and fraudulent misrepresentation (Count VII). Against all Manufacturer Defendants, Plaintiffs assert claims for conspiracy to commit fraudulent concealment (Count VI) and conspiracy to commit fraudulent misrepresentation (Count VIII). Plaintiff John P. Sarno also asserts a loss of consortium claim against the Manufacturer Defendants (Count IX).

---

[1] Each of the Manufacturer Defendants has signed and hereby consents to this removal in accordance with 28 U.S.C. § 1446(b)(2)(A).

3.  None of the Manufacturer Defendants is an Illinois citizen. *See infra* Sect. I.B. Seeking to avoid federal jurisdiction, Plaintiffs—who are citizens of Illinois—also assert a claim for negligence against Walgreen Co. ("Walgreens"), an Illinois retailer. *See* Compl. (Count II).

4.  While removal on the basis of diversity jurisdiction requires complete diversity of citizenship (*see* 28 U.S.C. § 1332(a)), a fraudulently joined defendant—like Walgreens here—is ignored when determining whether there is complete diversity. In other words, fraudulent joinder is an exception to the complete diversity requirement. *See infra* Sect. I.C; *see also Walton v. Bayer Corp.*, 643 F. 3d 994, 999 (7th Cir. 2011) ("Suppose removing defendants argue that the nondiverse defendant was joined simply to defeat removal, as might be inferred from a demonstration that the claim against that defendant had no possible merit. This is called 'fraudulent joinder' and **bars remand to state court**, which is why we describe it as an **exception to the requirement of complete diversity**" (emphases added)).

5.  Under well-settled Seventh Circuit case law, a party has been fraudulently joined if there is no "reasonable possibility" Plaintiffs could prevail against that party under the governing law. *See, e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Plaintiffs do not have a "reasonable possibility" of prevailing on their claim against Walgreens under Illinois law, and, accordingly, Walgreens has been fraudulently joined.

6.  The thrust of Plaintiffs' Complaint is that the Manufacturer Defendants allegedly designed their cigarettes to be unreasonably dangerous; conspired to misrepresent and conceal the hazards of smoking to Mrs. Sarno and the public; and engaged in marketing campaigns

calculated to deceive Mrs. Sarno and the public as to the health hazards and addictive nature of smoking.

7. In support of these claims, Plaintiffs set forth hundreds of specific allegations against the Manufacturer Defendants. For example, the Complaint includes a series of historical allegations directed *solely* to the Manufacturer Defendants, dating back to 1953. Compl. ¶¶ 13-29.

8. Although Plaintiffs incorporate those allegations against the Manufacturer Defendants into the negligence claim that they assert against Walgreens (*see id.* ¶ 43), none of these allegations mentions Walgreens.[2] Indeed, the Complaint does not include **any** factual allegations that Walgreens was involved in **any way** in the design or manufacture of cigarettes. Before reaching the only cause of action directed at Walgreens, the only fact implicating Walgreens is that Walgreens "distributed and/or sold cigarettes which Mrs. Sarno purchased[.]" *Id.* ¶ 8. As for Plaintiffs' one claim against Walgreens—their negligence claim—the allegations consist entirely of conclusory statements and selective quotations from documents that, on their face, do not support Plaintiffs' theory. *See id.* ¶¶ 43-74. At bottom, the Complaint alleges merely that Mrs. Sarno purchased a lawful product (cigarettes) from a lawful, non-manufacturer retailer of those products who played no role in designing, manufacturing, or advertising them (Walgreens).

9. A court in this District dismissed a nearly identical negligence claim **with prejudice** against Walgreens, in a case filed by the same Plaintiffs' counsel,[3] with allegations that

---

[2] Plaintiffs' allegations directed solely at the Manufacturer Defendants similarly do not include any facts concerning Walgreens or its conduct.

[3] The Complaint in *Clay* was filed by Meyers & Flowers, LLC. *See* Ex. C. Similarly, Plaintiffs' Complaint was filed by the same Meyers & Flowers counsel, in addition to Plaintiffs' national counsel, The Alvarez Law Firm. *See* Compl. at pp. 60, 61.

mirror the allegations against Walgreens here. *See Clay v. Philip Morris USA Inc., et al.*, No. 1:18-cv-03549 (N.D. Ill. Feb. 20, 2020) (Norgle, J.), Ex. B ("*Clay* Order II").[4]

10. Accordingly, the Manufacturer Defendants remove this case to federal court because there is complete diversity between Plaintiffs and all of the properly joined Defendants, and the amount in controversy exceeds $75,000. *See infra* Sects. I.C-D.

11. Removal is thus proper for these reasons, and because the other procedural requirements for removal have been met. *See infra* Sect. II.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93, 1391, 1441(a), and 1446(a) because the Circuit Court of Cook County, Illinois, where the Complaint was filed, is a state court within the Northern District of Illinois.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## ARGUMENT

**I. REMOVAL IS PROPER BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

14. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[4] While other courts in this District have found similar allegations sufficient and have granted motions to remand to state court, *see, e.g.*, Order, *Mitchell v. Philip Morris USA Inc.*, No. 18-C-7739 (Apr. 24, 2019) (Blakey, J.); *see also infra* fns. 7–8, Defendants maintain, for the reasons discussed herein, that the decision in *Clay* should be followed here because it correctly applied the law.

15. Section 28 U.S.C. § 1332(a) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Federal courts have original jurisdiction in diversity cases when the parties are completely diverse. *See Page v. Democratic Nat'l Committee*, 2 F. 4th 630, 636 (7th Cir. 2021).

16. When a defendant that would otherwise destroy complete diversity has been fraudulently joined, the Court must ignore the citizenship of the fraudulently joined defendant. *See Walton*, 643 F. 3d at 999 (7th Cir. 2011).

17. There is complete diversity here because Plaintiff is a citizen of Illinois and the Manufacturer Defendants are each citizens of states other than Illinois. *See infra* Sects. I.A-B. The citizenship of Walgreens—the only non-diverse Defendant—should be ignored for purposes of determining jurisdiction because, as set forth more fully below, Walgreens is fraudulently joined. *See infra* Sect. I.C.[5]

### A. Plaintiff Is A Citizen of Illinois

18. The Manufacturer Defendants are informed and believe that Plaintiffs are now, and were at the time of the filing of the Complaint and this Notice of Removal, and at all intervening times, domiciled in and citizens of the state of Illinois. *See* Compl. ¶¶ 1, 11.

### B. None Of The Manufacturer Defendants Is An Illinois Citizen

19. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

---

[5] Because Walgreens was fraudulently joined, the "forum defendant" rule in 28 U.S.C. § 1441(b)(2) does not apply here since Walgreens was not "properly joined and served" under the statute.

principal place of business[.]" 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). When an LLC is composed of parent LLCs or partnerships, those entities "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

20. Applying these principles, none of the Manufacturer Defendants is, or was at the time of filing of the Complaint, or at any intervening time, a citizen of Illinois.

21. Defendant Reynolds is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina. Compl. ¶ 6. Thus, Reynolds is a North Carolina citizen.

22. Defendant PM USA is a corporation organized under the laws of Virginia with its principal place of business in Virginia. Compl. ¶ 5. Thus, PM USA is a Virginia citizen.

23. Defendant Liggett is a limited liability company organized under the laws of Delaware with its principal place of business in North Carolina. Compl. ¶ 7. Liggett's sole member is VGR Holding LLC, a Delaware limited liability company with its principal place of business in Florida. VGR Holding LLC's sole member is Vector Group Ltd., a Delaware corporation with its principal place of business in Florida. *Id.* Thus, Liggett is a citizen of Delaware and Florida.

24. Defendant Walgreens is the only non-diverse defendant. Walgreens is a corporation organized under the laws of Illinois with its principle place of business in Illinois. Compl. ¶ 8. Thus, Walgreens is a citizen of Illinois.

25. Applying these principles, removal of the Complaint is proper, and the Court has jurisdiction over this action. There is complete diversity here because Plaintiffs cannot

succeed on their negligence claim against Walgreens, who has thus been fraudulently joined, and the Manufacturer Defendants are completely diverse from Plaintiffs. Furthermore, the amount in controversy exceeds $75,000, and all other procedural requirements for removal have been met. *See infra* Sect. II.

**C.** **Walgreens' Citizenship Should Be Ignored Because It Was Fraudulently Joined**

26.     Where—as here—the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendant is fraudulently joined. *See Int'l Bhd. of Teamsters Local 734 Health & Welfare Tr. Fund v. Philip Morris, Inc.*, No. 97 C 8113, 1998 WL 242130 (N.D. Ill. May 8, 1998), *aff'd on other grounds*, 196 F.3d 818 (7th Cir. 1999) (applying fraudulent joinder doctrine and denying remand in suit brought against cigarette manufacturers and Illinois distributors); *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 692 F. Supp. 2d 1025, 1031 (S.D. Ill. 2010), *aff'd sub nom. Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011); *see also* Order at 3, *Clay v. Philip Morris USA Inc., et al.*, No. 1:18-cv-03549 (N.D. Ill. Nov. 6, 2018) (Norgle, J.), Ex. D ("*Clay* Order I") (denying remand in a tobacco case where the plaintiff brought a similar negligence claim against Walgreens because plaintiff's allegations were "not supported by well-pleaded facts, and the Court is unable to discern a reasonable inference of misconduct by the Retail Defendants from the Complaint"). Fraudulent joinder occurs when, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F. 2d at 73.

27.     Courts recognize the prejudicial effect that fraudulent joinder imposes on the out-of-state defendant. Indeed, the "out-of-state defendant may need access to federal court when the

plaintiff's suit presents a local court with a clear opportunity to express its presumed bias—when the insubstantiality of the claim against the in-state defendant makes it easy to give judgment for the in-state plaintiff against the out-of-state defendant while sparing the in-state defendant." *Id.*

28. To determine whether a defendant is fraudulently joined, the Court "must engage in an act of prediction:  is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.*; *Clay* Order I at 1-2 (citing *Poulos*).  Importantly, a fraudulent joinder argument does not need to "negate any possible theory that [Plaintiff] might allege in the future: only [the] present allegations count." *Poulos*, 959 F.2d at 74.  However, "[t]he heavy burden placed upon [defendant] to establish fraudulent joinder does not mean [the court] must accept blindly whatever plaintiff may assert no matter how incredible or contrary to the overwhelming weight of evidence." *In re Diet Drugs (Phentermine, Fenfluramine, and Dexfenfluramine) Prods. Liab. Litig.*, 352 F. Supp. 2d 533, 537 (E.D. Pa. 2004).[6]  Rather, removal jurisdiction is established if, in light of the evidence presented, construing all disputed questions of fact in the plaintiff's favor, the court finds that the plaintiff failed to set forth the "possibility of a valid cause of action" against the diversity-defeating defendant.  *Kocot v. Alliance Mach. Co.*, 651 F. Supp. 226, 227-28 (S.D. Ill. 1986) (citation omitted) (holding that in-state defendant was fraudulently joined).

29. As set forth more fully below, Plaintiffs have no reasonable possibility of prevailing on their negligence claim against Walgreens for independent reasons.  *First*, Plaintiffs have not set forth specific facts tying Walgreens to the wrongful conduct alleged in the

---

[6]  *See also Hernandez v. Home Depot, USA, Inc.*, No. 05 C 5963, 2006 WL 1647438, at *2 (N.D. Ill. June 5, 2006) (a defendant satisfies its burden to establish fraudulent joinder when it "offers evidence which proves to a reasonable probability that federal jurisdiction exists").

Complaint. *See Teamsters*, 1998 WL 242130, at *5. Specifically, Plaintiff's Complaint (i) does not allege any factual basis for finding that Walgreens designed or manufactured cigarettes; (ii) does not allege any factual basis for finding that Walgreens owed or breached a duty of care to Plaintiff; (iii) does not allege any factual basis for finding that Walgreens had any non-public or superior knowledge of the health risks of smoking; and (iv) does not allege any factual basis for finding that Walgreens proximately caused Plaintiff's alleged injuries. *Second*, the Complaint asserts preempted theories of liability.

30. The fundamental deficiencies in Plaintiffs' negligence claim against Walgreens are readily apparent from Judge Norgle's orders in a similar tobacco case, *Clay*. In *Clay*, the same Manufacturer Defendants removed the case to this District on the same basis asserted here: that the retailer defendant, Walgreens, was fraudulently joined for purposes of destroying diversity. Judge Norgle agreed, and ultimately denied that plaintiff's motion to remand the case finding that plaintiff's allegations against Walgreens were "not supported by well-pleaded facts." *Clay* Order I at 2 (Ex. D).

31. The *Clay* plaintiff was then given the opportunity to amend her complaint, and filed a new complaint which mirrors the allegations against Walgreens at issue in this case. *Compare Clay* Amend. Compl. ¶¶ 118-147 (attached hereto as Ex. E) with Compl. ¶¶ 43-74.

32. In particular, and as discussed below, the *Clay* Amended Complaint added allegations of communications between a Walgreens manager and individuals connected to the tobacco industry in 1977, Walgreens' 1993 request for indemnification from cigarette manufacturers, communications in 2008 between Walgreens and one of the Manufacturing Defendants in connection with a marketing pitch for smokeless tobacco, and various public

information from Walgreens' *current* website about the health risks of smoking. Those allegations are nearly identical to the allegations Plaintiffs makes here.

33. Thereafter, the *Clay* court dismissed the negligence claim against Walgreens with prejudice. *See generally Clay* Order II (Ex. B). The court found that the new allegations concerning Walgreens were insufficient to establish that "Walgreens knew or should have known of the dangers and defects of cigarettes in a way that was *superior t*o the general public." *Id.* at 3 (emphasis added). The same reasoning applies equally here: Plaintiffs have no reasonable possibility of prevailing on their negligence claim against Walgreens under Illinois law.[7]

34. Courts do not hesitate to find fraudulent joinder when a plaintiff fails to set forth essential allegations against a non-diverse defendant. *See, e.g.*, *Elrod v. Bayer Corp.*, No. 19-cv-06048, 2020 WL 4284416, at 5 (N.D. Ill. July 27, 2020) (in a products liability action filed against diverse manufacturers and one individual, non-diverse sales representative, the court found that the non-diverse defendant was fraudulently joined where the plaintiff failed to plead sufficient facts to demonstrate that the defendant owed a duty to the plaintiff as required to establish a negligent misrepresentation claim); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (finding cigarette distributors were fraudulently joined because plaintiff failed to plead sufficient facts to state a claim for negligence and failure to warn under Ohio law); *In Re Yasmin*, 692 F. Supp. 2d at 1035 (finding fraudulent joinder

---

[7] Manufacturing Defendants recognize that some other judges in this District have declined to find fraudulent joinder in other removals involving Walgreens. *See, e.g.*, Mem. Op. & Order in *Smith v. Philip Morris*, Case No. 18 C 03697, Dkt. No. 85, at *11 (N.D. Ill. Sept. 30, 2019) (Chang, J.) (remanding case while acknowledging that question of fraudulent joinder was a "close" call and noting that the Seventh Circuit has not clearly foreclosed this basis for removal). Manufacturing Defendants respectfully submit that the well-reasoned *Clay* opinion, not other contrary opinions like *Smith*, should be followed here.

because "no factual basis can be drawn from plaintiff's complaint for the entirely general and conclusory charge that [non-diverse defendants] knew or had reason to know of the risks"); *Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv.*, No. 13-C-1008, 2013 WL 6230675, at *7-9 (E.D. Wis. Dec. 2, 2013) (finding fraudulent joinder where plaintiff "failed to plead any facts describing any aspect of" the non-diverse defendant's culpability); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant).

35.   Moreover, courts have determined that "generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to demonstrate that the defendant was not fraudulently joined." *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). Thus, fraudulent joinder exists where a plaintiff merely asserts factual allegations against defendants collectively, and fails to tie any facts specifically to the non-diverse defendants. *See, e.g.*, *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 391-93 (5th Cir. 2000) (affirming lower court's decision that tobacco distributors were fraudulently joined as to the conspiracy claim because plaintiff's claims were "entirely general" and it was "evident" that usage of the word "'defendants'" throughout the complaint "could not be referring to the 'Tobacco Wholesalers.'").

36.   For these reasons, other courts in this District have dismissed Illinois retailers and distributors and retained cases under diversity jurisdiction in smoking-and-health cases brought against out-of-state cigarette manufacturers. Aside from *Clay*, in *Teamsters*, the plaintiff brought a pair of products liability actions against tobacco product manufacturers

and distributors alleging causes of action for, *inter alia*, negligence. 1998 WL 242130, at *1-2. Although the plaintiffs alleged certain wrongful conduct against the defendants collectively, they did not include any factual allegations that implicated the distributors in particular. *Id.* at *4-5 (the court observed that it "scoured the complaints looking for any factual assertions that ties the distributor defendants into the wrongdoing alleged in the complaints, but to no avail"). The *Teamsters* court found that the plaintiffs' "bald assertions" as to the distributors' alleged conduct, including the distributors' alleged awareness of the health risks of the tobacco products, were "wholly conclusory" and "[did] not tie the distributor defendants into the allegedly wrongful acts described in the complaints." *Id.* at *4-5. The court further noted that, "[a]lthough the plaintiffs refer to the 'defendants' generally, it defies logic to include the distributors with the rest of the defendants in the general factual allegations directed at all defendants." *Id.* at *3. Finding the plaintiffs' allegations woefully insufficient, the court held that the distributor defendants had been fraudulently joined and denied the plaintiffs' motion to remand. *Id.* at *5, 10.

37. As explained further below, this case likewise calls for the federal jurisdiction the Manufacturing Defendants here invoke.

### 1. Plaintiffs Have No Reasonable Possibility of Prevailing On Their Negligence Claim

38. As in *Clay* and *Teamsters*, Plaintiffs' Complaint is devoid of *any* specific facts that allege (much less plausibly allege) that Walgreens (i) knew of any alleged defect in cigarettes before the general public or was in any way involved in the design or manufacture of the cigarettes; (ii) had a fiduciary relationship with Plaintiffs that could give rise to any duty that would not otherwise have existed; or (iii) took any particular action that proximately

caused Plaintiffs' alleged injuries. As the court stated in *Clay*, in order to assert a negligence claim against a non-manufacturer retailer, "Plaintiff must allege that Walgreens had knowledge *superior* to the general public of the dangers and defects of cigarettes." *Clay* Order II at 3 (emphasis added). Plaintiffs' factual allegations here are almost identical to the amended complaint in *Clay* (*see supra* ¶ 31), and as in *Clay* they are patently insufficient to establish the requisite superior knowledge that would support a negligence claim. Thus, Plaintiffs have no reasonable possibility of success on his negligence claim against Walgreens.[8]

### a. Plaintiffs Have Not And Cannot Allege That Walgreens Designed Or Manufactured Cigarettes

39. To have a reasonable possibility of success on a negligence claim under Illinois law, Plaintiffs must plead specific facts establishing (1) "the existence of a duty owed," to live up to some standard of care, (2) "a breach of that duty," and (3) "an injury proximately caused by that breach." *Corwin v. Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 888 (N.D. Ill. 2014) (citing *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1153-54 (Ill. 2011)). Thus, a "key" feature of a negligence claim is "the concept of fault," so that (for example) a retailer of a product cannot be held liable in negligence if the Plaintiffs fail to plead specific facts showing that the retailer is at fault in some way. *Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1098 (S.D. Ill. 2012).

---

[8] Notably, the remand orders in certain other, similar smoking-and-health cases do not even address the plaintiff's negligence claim against Walgreens. *See* Order, *Stone v. Philip Morris USA Inc.*, No. 20-C-5198 (Oct. 26, 2020) (Kennelly, J.); Memorandum Opinion, *Dispenza v. Philip Morris USA Inc.*, No. 20-C-5190 (Dec. 2, 2020) (Kocoras, J.); Order, *Andersen v. Philip Morris USA Inc.*, No. 19-C-5812 (Jan. 28, 2020) (Lee, J.); Order, *Dowdle v. Philip Morris USA Inc.*, No. 18-C-3354 (Feb. 19, 2019) (Alonso, J.).

40. Although the crux of Plaintiffs' Complaint is that the cigarettes Mrs. Sarno smoked were defective and unreasonably dangerous, Plaintiffs do not and cannot allege that Walgreens ever designed or manufactured *any* cigarettes. As in *Teamsters*, the alleged wrongful conduct "directly relates to the manufacturers, their trade associations, and their research groups." *Teamsters*, 1998 WL 242130, at *3; *see also* Compl. ¶¶ 5-7 (alleging Manufacturer Defendants engaged in the "design, manufacture, advertisement, marketing, distribution, and/or sale of [] cigarette products"). By contrast, Plaintiffs allege only that Walgreens "distributed and/or sold" cigarette products. Compl. ¶ 8. Plaintiffs' negligence claim against Walgreens thus cannot rest on any "fault" in the design or manufacture of cigarettes. And Plaintiffs elected not to pursue a strict products liability claim against Walgreens.

           **b.**      **Plaintiffs' Complaint Does Not Allege Specific Facts Supporting Their Claim That Walgreens Had Superior Knowledge Of The Health Risks Of Cigarettes**

41. Because Walgreens had nothing to do with the design or manufacture of cigarettes, Plaintiffs attempts to manufacture duty and fault by alleging that Walgreens had superior knowledge, above and beyond the general public, of the health risks of smoking but failed to warn its customers of those risks. *See, e.g.*, Compl. ¶¶ 8, 50, 52, 72 (alleging Walgreens "distributed and/or sold cigarettes" even though it "knew or had reason to know of the dangers" associated with smoking and even though it "had a broad range of knowledge about the components of cigarette smoke" and "knew or should have known" that cigarettes were "defective"). But as previously discussed, and as already determined by a court within this District, none of the publicly available documents cited by Plaintiffs show Walgreens possessed any superior knowledge above and beyond the general public of the health risks of cigarettes. Indeed, Plaintiffs have failed even to "allege facts that Walgreens

plausibly had actual knowledge of the alleged defects." *See supra* ¶¶ 30-33; *see also Clay Order II* at 4. For that reason alone, Plaintiffs' claims against Walgreens have no reasonable possibility of success.

### 2. Plaintiffs Have Not Pleaded Specific Facts Establishing Proximate Cause

42. Plaintiffs also fail to allege *any facts*—let alone specific facts—supporting proximate causation, which is a required element of negligence claims. *See Corwin v. Connecticut Valley Arms., Inc.*, 74 F. Supp. 3d 883, 888 (N.D. Ill. 2014); *see also Kleen v. Homak Manufacturing Co., Inc.*, 321 Ill. App. 3d 639, 641 (1st Dist. Mar. 30, 2001); *Walker v. Macy's Merchandising Group, Inc.*, 288 F. Supp. 3d 840, 855 (N.D. Ill. 2017) (citing *Kleen*, 321 Ill. App. 3d at 641).

43. Under Illinois law, the element of proximate cause contains two separate and distinct requirements that a Plaintiffs must plead and prove: cause-in-fact and legal cause. *Turcios v. DeBruler Co.*, 32 N.E.3d 1117, 1124 (Ill. 2015). To satisfy the cause-in-fact requirement, a Plaintiffs must plead specific facts showing either: (1) that his injury would not have occurred "but for" the defendant's allegedly tortious conduct; or (2) that "the defendant's conduct . . . was a material element and a substantial factor in bringing the event about." *Id.*; *see also Krywin v. Chicago Transit Authority*, 938 N.E.2d 440, 447 (Ill. 2010) ("Conduct is a material element and a substantial factor if, absent the conduct, the injury would not have occurred.").

44. Here, Plaintiffs make only conclusory assertions that if Walgreens did not sell products it allegedly knew were dangerous, Mrs. Sarno would not have started smoking, or would have smoked less, or would have stopped sooner, and that she was injured "[a]s a direct and proximate result of the negligence" vaguely described in the Complaint. *See* Compl.

¶ 74. These are exactly the type of conclusory allegations that courts routinely reject as legally insufficient. While Plaintiffs' conclusory allegations suggest Walgreens' act of selling cigarettes somehow contributed to Mrs. Sarno's injuries, Plaintiffs fail to plead any *specific* facts as to how she would have avoided her injuries. As examples, Plaintiffs do not allege: (1) when Mrs. Sarno bought cigarettes from Walgreens; (2) how often she bought cigarettes from Walgreens; (3) how many cigarettes she bought from Walgreens; or (4) what percentage of her cigarettes came from Walgreens, as opposed to another retailer. In short, Plaintiffs allege no specific facts showing that Walgreens' conduct played any role in causing Mrs. Sarno's injuries, much less how "absent [Walgreens'] conduct, the injury would not have occurred." *Krywin*, 938 N.E.2d at 447. Without such facts, Plaintiffs has no reasonable possibility of establishing proximate cause.

**3. Any Claim That Walgreens Breached A Duty To Warn About The Health Risks Of Smoking After 1969 Or Should Have Stopped Selling Cigarettes Is Preempted Under Federal Law.**

45. Plaintiffs' negligence claim against Walgreens also fails because it is preempted by federal law. Any claim that Walgreens should have provided warnings to Mrs. Sarno—in addition to or different from the warnings already on the cigarette packs since 1969 (*see* Compl. ¶ 53 (alleging Walgreens "only recently began disclosing its superior knowledge to the public") and *id.* ¶ 71 (suggesting liability based on failure to warn of known risks))—is preempted by federal law. *See* 15 U.S.C. §§ 1333, 1334(b). Here, Mrs. Sarno did not begin smoking until 1970 (*see* Compl. ¶ 3), and failure to warn claims after 1969 are expressly preempted by the Federal Cigarette Labeling and Advertising Act ("the Labeling Act"). *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524 (1992) (plurality op.); *see also Altria Group Inc. v. Good*, 555 U.S. 70, 84-85 (2008) (adopting the preemption framework applied by the plurality in *Cipollone*).

-17-

46. Likewise, Plaintiffs' suggestion that Walgreens is liable because it failed to stop selling cigarettes altogether (*see* Comp. ¶¶ 71-74) is also preempted. *See* 15 U.S.C. § 1334(b); *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 137-38 (2000) ("Congress . . . foreclosed the removal of tobacco products from the market.").

47. Accordingly, because Plaintiffs are citizens of Illinois, and because none of the properly joined Manufacturer Defendants is an Illinois citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

**D.     The Amount in Controversy Exceeds $75,000**

48. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

49. Here, it is readily apparent from the face of the Complaint that the amount in controversy exceeds $75,000. Plaintiffs allege that the Manufacturer Defendants caused Mrs. Sarno to develop lung cancer with metastasis to the brain. Compl. ¶¶ 5-7. Against PM USA, Plaintiffs asserts claims for negligence (Count I), willful and wanton conduct (Count III), strict liability (Count IV), fraudulent concealment (Count V), and fraudulent misrepresentation (Count VII). Against all Manufacturer Defendants, Plaintiff asserts claims for conspiracy to commit fraudulent concealment (Count VI) and conspiracy to commit fraudulent misrepresentation (Count VIII). For each claim, Plaintiffs allege compensatory damages "in excess" of $50,000. *Id.* at pp. 16 (Count I), 27 (Count III), 30 (Count IV), 43 (Count V), 46 (Count VI), 57 (Count VII), and 59 (Count VIII). Plaintiffs seek to recover damages for the development of Mrs. Sarno's "injuries, including but not

limited to lung cancer with metastasis to the brain" (*see id.*) and for "suffer[ing] severe bodily injuries." *Id.* ¶ 78.

50. In addition, Mr. Sarno alleges that he has incurred damages "in excess" of fifty thousand dollars associated with "a loss of consortium and companionship of his wife, Deborah M. Sarno." *See id.* ¶ 189 & pp. 60.

51. These facts—especially in their totality—support a plausible inference that the amount in controversy exceeds $75,000. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (plaintiff's claimed injuries, including personal injuries which are "permanent and lasting in nature," pain and suffering, and the need for future and ongoing medical treatment, "makes clear that [plaintiff] is seeking damages in excess of $75,000"); *Estate of Carter ex rel. Carter v. SSC Operating Co. LLC*, No. 2:19-cv-00431-JB-M, 2020 WL 3429040, at *2, n.2 (S.D. Ala. June 23, 2020) ("[T]he Court deems [the amount in controversy] to be satisfied in light of the wrongful death claim asserted in the SAC."); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) ("Whether [plaintiff] actually recovers more than $75,000 is immaterial; what matters is the amount put in controversy on the day of the removal.").

52. It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. Manufacturer Defendants' Notice Of Removal Is Timely Filed

53. Manufacturer Defendants' Notice of Removal is timely filed. Defendants PM USA and Reynolds were served with the Complaint on February 5, 2026. Defendant Liggett was served on February 6, 2026. Pursuant to 28 U.S.C. § 1446(a), a copy of all process,

pleadings, and orders served on the Manufacturer Defendants is attached hereto as Exhibit F. A copy of the state court docket is attached hereto as Exhibit G.

54. Because the Manufacturer Defendants are filing the Notice of Removal on March 9, 2026, within 30 days of service of process, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

**B.    All Properly Joined And Served Defendants Consent To Removal**

55. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who were properly joined and served in this action consent to removal, as indicated by their signing below. Walgreens need not consent as it is not properly joined in this action. *See Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1024 (N.D. Ill. 2015).

56. By filing this Notice of Removal, the Manufacturer Defendants do not waive any defense that may be available to them; instead, they reserve all such defenses. If any question arises as to the propriety of removal to this Court, Manufacturer Defendants request the opportunity to present a brief and oral argument in support of their removal.

57. Pursuant to 28 U.S.C. § 1446(d), the Manufacturer Defendants will promptly serve upon Plaintiffs' counsel and file with the Circuit Court of Cook County, Illinois, a true and correct copy of this Notice of Removal.

## CONCLUSION

WHEREFORE, the Manufacturer Defendants hereby remove this action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois.

Dated: March 9, 2026

Respectfully submitted,

/s/ *Jihan E. Walker*
José A. Isasi, II
Jihan E. Walker
JONES DAY
110 N. Wacker Drive, Ste. 4800
Chicago, IL 60606
(312) 782-3939
jisasi@jonesday.com
jihanwalker@jonesday.com

***Attorneys for Defendant R.J. Reynolds Tobacco Company***

/s/ *David M. Menichetti*
Bettina Jendrek
Jason A. Ross
David M. Menichetti
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC
Phone: (202) 942-5000
bettina.jendrek@arnoldporter.com
jason.ross@arnoldporter.com
david.menichetti@arnoldporter.com
Firm ID No. 64860

***Attorneys for Defendant Philip Morris USA, Inc.***

/s/ *George D. Sax*
George D. Sax
Stephanie Scharf
SCHARF BANKS MARMOR LLC
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Phone: (312) 726-6000
Email: gsax@scharfbanks.com
Email: sscharf@scharfbanks.com

***Attorneys for Liggett Group LLC***

-21-

## CERTIFICATE OF SERVICE

I, Jihan E. Walker, one of the attorneys for Defendant R.J. Reynolds Tobacco Co., hereby certify that I caused the foregoing **DEFENDANTS R.J. REYNOLDS TOBACCO COMPANY, PHILIP MORRIS USA INC., and LIGGETT GROUP LLC'S NOTICE OF REMOVAL** to be filed through the CM/ECF system of the United States District Court for the Northern District of Illinois and served by e-mail to the following:

Peter J. Flowers, Esq.
Craig D. Brown, Esq.
Jonathan P. Minceli, Esq.
Thomas M. Connelly, Esq.
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333
pjf@meyers-flowers.com
cdb@meyers-flowers.com
jpm@meyers-flowers.com
tmc@meyers-flowers.com

-and-

Michael A. Alvarez
Alex Alvarez Jr.
Andi Hernandez
THE ALVAREZ LAW FIRM
3251 Ponce De Leon
Coral Gables, FL 33156
(305) 444-7675
michael@talf.law
Alexjr@talf.com
Andi@talf.law
tobacco@integrityforjustice.com

*Attorneys for Plaintiffs*

on this 9th day of March, 2026.

/s/ *Jihan Walker*
Jihan Walker

-22-