**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBORAH M. SARNO & JOHN P. SARNO, <br><br> Plaintiffs, <br><br> v. <br><br> R.J. REYNOLDS TOBACCO COMPANY *et al.*, <br><br> Defendants. | Case No.: 1:26-cv-02652 <br> Honorable Sara L. Ellis |

**RULE 26(f) JOINT INITIAL STATUS REPORT**

Pursuant the Court's entry (Dkt. No. 11) on March 16, 2026, Plaintiffs Deborah M. Sarno ("Mrs. Sarno") and John P. Sarno ("Mr. Sarno") (together, "Plaintiffs") and Defendants Philip Morris USA Inc. ("PM USA"), R.J. Reynolds Tobacco Company ("Reynolds"), Liggett Group LLC ("Liggett"), and Walgreen Co. ("Walgreens") submit this Joint Initial Status Report.

1. **The Nature of the Case:**

    A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

**Plaintiffs**

Peter J. Flowers, Esq. (Lead Attorney)
Craig D. Brown, Esq.
Jonathan P. Mincieli, Esq.
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
pjf@meyers-flowers.com
cdb@meyers-flowers.com
jpm@meyers-flowers.com

Michael A. Alvarez
Michael J. LaMonica
THE ALVAREZ LAW FIRM

**Defendant Philip Morris USA Inc.**

Bettina Jendrek (*pro hac vice*)
David M. Menichetti
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC
Phone: (202) 942-5000
bettina.jendrek@arnoldporter.com
david.menichetti@arnoldporter.com

3251 Ponce De Leon
Coral Gables, FL 33156
Phone: (305) 444-7675
Email: michael@talf.law
Email: michael.lamonica@talf.law

**Defendant Liggett Group LLC**

George D. Sax
Dominique Price
SCHARF BANKS MARMOR LLC
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Phone: (312) 726-6000
Email: gsax@scharfbanks.com
Email: dprice@scharfbanks.com

David Woods (Lead Attorney, *pro hac vice*)
Hughes Hubbard & Reed LLP
1100 Walnut Street
Suite 1700
Kansas City, MO 64106
Phone: (816) 709-4100
Email: david.woods@hugheshubbard.com

**Defendants R.J. Reynolds Tobacco Company
and Walgreen Co.**

Jose A. Isasi, II (Lead Attorney)
Jihan Walker
JONES DAY
110 N. Wacker Dr., Ste. 4800
Chicago, IL 60606
T: (312) 782-3939
F: (312) 782-8585
jisasi@jonesday.com
jihanwalker@jonesday.com

Katrina L.S. Caseldine (*pro hac vice*)
JONES DAY
1221 Peachtree Street NE
Suite 400
Atlanta, Georgia 30361
Phone: (404) 581-8708
Email: klscaseldine@jonesday.com

  **B.**  **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiffs bring this civil action arising out of Mrs. Sarno's alleged long-term use of certain Defendants' cigarette products, which Plaintiffs claim caused her to develop lung cancer with metastasis to the brain. Compl. (Dkt. No. 1-1) at ¶ 3. Plaintiffs asserted the following claims against Philip Morris USA Inc. ("PM USA"): (1) negligence; (2) willful and wanton conduct; (3) strict liability; (4) fraudulent concealment; and (5) fraudulent misrepresentation. Compl. ¶¶ 30–42, 75–129, 144–76. Plaintiffs asserted the following claims against PM USA, Reynolds, and Liggett (together, "Manufacturer Defendants"): (1) conspiracy to commit fraudulent concealment; (2) conspiracy to commit fraudulent misrepresentation; and (3) loss of consortium. Compl. ¶¶ 130–43, 177–89. Plaintiffs have also asserted a negligence claim against Walgreens. Compl. ¶¶ 43–74.

2

Defendants deny Plaintiffs' claims and allegations. Defendants have not yet raised any counterclaims or third-party claims.

### C. Briefly identify the major legal and factual issues in the case.

In addition to the jurisdictional issue outlined in Section II below, the parties anticipate the following major legal and factual issues.

Plaintiffs' Statement.

Plaintiffs maintain that they will produce evidence at trial sufficient to support a jury verdict in their favor as to the following claims:

(1)     That Defendant PM USA was negligent in the design of the cigarette products smoked by Ms. Sarno;

(2)     That Defendant PM USA was willful and wanton in the design of the cigarette products smoked by Ms. Sarno;

(3)     That Defendant PM USA designed defective cigarette products smoked by Ms. Sarno;

(4)     That Defendant PM USA engaged in active concealment to hide material information about the health risks and addictive nature of their cigarette products from Ms. Sarno, and that Ms. Sarno relied on such concealment to her detriment;

(5)     That Defendant PM USA made misstatements of material fact concerning the health risks and addictive nature of their cigarette products to Ms. Sarno, and that Ms. Sarno relied on such misstatements to her detriment;

(6)     That Defendants PM USA, Reynolds, and Liggett conspired with each other and others to engage in such active concealment and material misstatements;

(7)     That Defendant Walgreens was negligent in the sale of PM USA's defective cigarette products smoked by Ms. Sarno;

3

(8)     That Plaintiff Mr. Sarno has suffered a compensable loss of consortium;

(9)     That Plaintiff Ms. Sarno's injuries were caused by Defendants' conduct as described above, and that Ms. Sarno is entitled to an award of damages for such injuries.

Plaintiffs further maintain that Defendants' pending motion to dismiss should be denied with prejudice.

Plaintiffs further maintain that the removal of the case to the Northern District of Illinois was improper, that the Court should grant Plaintiffs' motion to remand the matter to the Circuit Court of Cook County, that the Court should award Plaintiffs costs and fees under 28 U.S.C. § 1447(c), and that the Court should impose Rule 11 Sanction on Defendants for their improper removal.

Defendants' Statement.

Defendants maintain that Plaintiffs cannot meet their burden of proof to establish the elements of their claims, and further maintain that Plaintiffs are not entitled to recover any damages.  Defendants further assert that Mrs. Sarno was solely responsible for her decision to smoke.

As to the Manufacturer Defendants more specifically, the evidence will not support Plaintiffs' claim that a defect exists in cigarettes manufactured by PM USA and smoked by Mrs. Sarno, let alone that there was a reasonable and technologically feasible alternative cigarette design that would have prevented her injuries.  Nor will the evidence show that any alleged defect caused her injuries.  Moreover, Plaintiffs' strict liability claim (Count IV) is barred by the statute of repose, as set forth in Manufacturer Defendants' pending Partial Motion to Dismiss filed on March 27, 2026 (Dkt. No. 19).  The evidence will also not support Plaintiffs' claims of negligence, as PM USA at all times acted with appropriate and due care in the design, development, manufacturing,

4

testing, marketing, advertising, promotion, packaging, sale and/or distribution of the cigarettes it manufactured.

The Manufacturer Defendants likewise deny any liability arising out of any alleged fraud, misrepresentation, or conspiracy. As further set forth in the Manufacturer Defendants' Partial Motion to Dismiss (Dkt. Nos. 19, 21), Plaintiffs' fraudulent concealment and fraudulent misrepresentation claims (Counts V and VII) do not adhere to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard and otherwise fail to state claims under Rule 12(b)(6). As to PM USA, the fraudulent concealment claim does not and cannot allege that PM USA owed Plaintiffs a viable duty to disclose. Because the underlying fraud claims fail, the related conspiracy claims (Counts VI and VIII) against Manufacturer Defendants must also fail.

As to Defendant Walgreens, as outlined in Walgreens' pending motion to dismiss filed on April 17, 2026 (Dkt. Nos. 28, 29), Plaintiffs have no reasonable possibility of success on their negligence claim asserted against Walgreens (Count II) because Plaintiffs cannot show that Walgreens breached a duty that proximately caused Mrs. Sarno's injuries and the claim is preempted by federal law.

### D. State the relief sought by any of the parties.

Plaintiffs seek compensatory damages in excess of $50,000 per count against each Defendant, plus costs of suit, pre-judgment interest, and such other further relief as the Court deems just and appropriate. *See generally* Compl. Manufacturer Defendants have moved this Court to dismiss Counts IV-VIII of Plaintiffs' Complaint. Dkt. Nos. 19, 21. Walgreens has moved the Court to dismiss Count II asserted against it. Dkt. Nos. 28, 29.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

The parties dispute whether this Court has jurisdiction over this action. Manufacturer Defendants state that this Court has original jurisdiction over this action because all of the properly joined parties are completely diverse, and the amount in controversy exceeds $75,000. Plaintiffs maintain that the inclusion of Walgreens, an Illinois citizen, as a party to the action deprives the Court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

A. **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

The parties agree that it is readily apparent from the face of the Complaint, and based on their understanding of the claims alleged by Plaintiffs, that the amount in controversy exceeds $75,000. Plaintiffs seek to recover damages (including a future claim for punitive damages) for injuries including lung cancer with metastasis to the brain. Mr. Sarno additionally seeks damages for loss of consortium.

B. **Identify the state of citizenship of each named party.**

Defendants maintain that this Court should disregard Walgreens' citizenship because it has been fraudulently joined. Absent Walgreens, there is complete diversity. Plaintiffs maintain that Walgreens is a proper defendant. As such, their inclusion in the case deprives the Court of subject matter jurisdiction as there is a lack of complete diversity of citizenship.

| Plaintiffs | Citizens of Illinois. |
|---|---|
| PM USA | Citizen of Virginia. |
| Reynolds | Citizen of North Carolina. |
| Liggett | Citizen of Delaware and Florida. |

6

| Walgreens | Walgreens is the only non-diverse defendant and is a citizen of Illinois. Manufacturer Defendants maintain that Walgreens has been fraudulently joined, and this Court should therefore disregard Walgreens' citizenship for the purposes of jurisdiction. Plaintiffs maintain that Defendants' argument for fraudulent joinder is meritless, and that the participation of a non-diverse defendant in the case deprives the Court of subject matter jurisdiction, necessitating remand. |
|---|---|

**3.      Status of Service.**  All Defendants have been served.

**4.      Consent to Proceed Before a United States Magistrate Judge.**  The parties have discussed the advantages of a Magistrate Judge referral.  The parties do not unanimously consent to proceed before the Magistrate Judge for all purposes.

**5.      Motions.**

**A.      Briefly describe any pending motions.**

The following motions are currently pending:  Plaintiffs' Motion for Remand and for Award of Costs and Fees Under 28 U.S.C. § 1447(c) (Dkt. No. 15); the Manufacturer Defendants' Partial Motion to Dismiss (Dkt. No. 19); and Walgreens' Motion to Dismiss (Dkt. No. 28).  The Court has set the following briefing schedules:  On the Motion to Remand (Dkt. No. 15), Manufacturer Defendants filed a response on April 24, 2026 (Dkt. No. 37), and Plaintiffs' reply is due May 8, 2026 (*see* Dkt. No. 26).  On Manufacturer Defendants' Motion to Dismiss (Dkt. No. 19), Plaintiffs filed a response on April 24, 2026 (Dkt. No. 36), and Manufacturer Defendants' reply is due May 8, 2026 (*see* Dkt. No. 26).  On Walgreens' Motion to Dismiss (Dkt. No. 28), Plaintiffs' response is due May 18, 2026, and Walgreens' reply is due by June 1, 2026 (*see* Dkt. No. 35).  The Court has set a ruling date on all three motions for August 5, 2026 at 9:30 a.m.  Dkt. Nos. 26, 35.

  **B.**  **State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.**

Defendants have responded to the Complaint by filing the above-referenced Motions to Dismiss. The resolution of the pending motions, including Plaintiffs' Motion to Remand, may affect the future course of this litigation.

  **6.**  **Case Plan.**

  **A.**  **Submit a proposal for a discovery plan, including the following information:**

    **(1)**  **The general type of discovery needed:** The parties expect to engage in substantial written discovery, including interrogatories and requests for production. The parties also expect to take the depositions of the identified fact witnesses and several expert witnesses, who will be disclosed by each party.

The parties were unable to agree on proposed case management deadlines and respectfully submit their competing proposals for the Court's consideration:

**Plaintiffs' Proposed Deadlines.**

    **(2)**  **A date for Rule 26(a)(1) disclosures:** September 4, 2026

    **(3)**  **First date by which to issue written discovery:** September 16, 2026

    **(4)**  **A fact discovery completion date:** November 6, 2026

    **(5)**  **An expert discovery completion date, including dates for the delivery of expert reports:**

      **i.**  **Plaintiffs' Expert Disclosures:** December 7, 2026

      **ii.**  **Defendants' Expert Disclosures:** January 4, 2027

      **iii.**  **Expert Discovery Completion Date:** March 8, 2027

    **(6)**  **A date for the filing of dispositive motions.** April 5, 2027

**Defendants' Proposed Deadlines.**

    **(2)** **A date for Rule 26(a)(1) disclosures:** September 4, 2026

    **(3)** **First date by which to issue written discovery:** August 16, 2027

    **(4)** **A fact discovery completion date:** April 7, 2028

    **(5)** **An expert discovery completion date, including dates for the delivery of expert reports:**

        **i.** **Plaintiffs' Expert Disclosures:** April 20, 2028

        **ii.** **Defendants' Expert Disclosures:** June 1, 2028

        **iii.** **Expert Discovery Completion Date:** July 27, 2028

    **(6)** **A date for the filing of dispositive motions.** September 21, 2028

  **B.** **With respect to trial, indicate the following:**

    **(1)** **Whether a jury trial is requested.** Plaintiffs have requested a trial by jury.

    **(2)** **The probable length of trial.** The parties anticipate that trial will last between 2 to 3 weeks.

**7.** **Status of Settlement Discussions:**

  **A.** **Indicate whether any settlement discussions have occurred.** The parties have not had any settlement discussions.

  **B.** **Describe the status of any settlement discussions.** The parties have not had any settlement discussions.

  **C.** **Whether the parties request a settlement conference.** The parties do not request a settlement conference at this time.

Dated:  April 30, 2026

*/s/ Peter J. Flowers*

Peter J. Flowers
Craig D. Brown
Jonathan P. Mincieli
Thomas M. Connelly
Kelly A. Zabran
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL 60174
Phone: (630) 232-6333
Email: pjf@meyers-flowers.com
Email: cdb@meyers-flowers.com
Email: jpm@meyers-flowers.com
Email: tmc@meyers-flowers.com
Email: kaz@meyers-flowers.com

Chicago Office:
225 W. Wacker, Suite 1515
Chicago, IL 60606
Phone: (877) 221-2511

Michael A. Alvarez
Michael J. LaMonica
THE ALVAREZ LAW FIRM
3251 Ponce De Leon
Coral Gables, FL 33156
Phone: (305) 444-7675
Email: michael@talf.law
Email: michael.lamonica@talf.law

**Attorneys for Plaintiffs**

Respectfully submitted,

*/s/ Bettina Jendrek*

Bettina Jendrek (*pro hac vice*)
David M. Menichetti
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC
Phone: (202) 942-5000
bettina.jendrek@arnoldporter.com
david.menichetti@arnoldporter.com

**Attorneys for Defendant Philip Morris USA Inc.**

*/s/  José A. Isasi*

José A. Isasi (No. 6211214)
Jihan E. Walker (No. 6328896)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
Telephone: +1 312.782.3939
Fax: +1 312.782.8585
Email:  jisasi@jonesday.com
Email:  jihanwalker@jonesday.com

**Attorneys for Defendants R.J. Reynolds Tobacco Co.  and Walgreen Co.**

*/s/ George D. Sax*

George D. Sax (No. 6279686)
SCHARF BANKS MARMOR LLC
30 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Telephone: +1 312.726.6000
Email: gsax@scharfbanks.com

David Woods (Lead Attorney, *pro hac vice*)
Hughes Hubbard & Reed LLP
1100 Walnut Street
Suite 1700
Kansas City, MO 64106
Phone: (816) 709-4100
Email: david.woods@hugheshubbard.com

**Attorney for Defendant Liggett Group LLC**

10