**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH M. SARNO and<br>JOHN P. SARNO,<br><br><br><br><br>               Plaintiff,<br><br>v.<br><br><br>PHILIP MORRIS USA INC.,<br>a Virginia for-profit corporation,<br>R.J. REYNOLDS TOBACCO COMPANY,<br>a North Carolina for-profit corporation,<br>LIGGETT GROUP LLC,<br>a Delaware for-profit limited liability<br>corporation, and WALGREEN, CO.,<br>an Illinois corporation,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:26-cv-02652<br>)<br>)  Hon. Sara L. Ellis<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WALGREEN CO.'S
PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs Deborah M. Sarno and John P. Sarno ("Plaintiffs"), by and through their

attorneys, file this Response to Defendant Walgreen Co.'s (hereinafter "Walgreens") Partial

Motion to Dismiss Plaintiffs' Complaint, and state as follows[1]:

This is a product liability action arising out of the manufacture, marketing, sale and

distribution of unreasonably dangerous tobacco products by Philip Morris USA Inc., R.J. Reynolds

Tobacco Company, and Liggett Group LLC ("Manufacturer Defendants"). The Complaint

---

[1] Plaintiffs respectfully submit that Defendants' motion should be denied without prejudice pending resolution of Plaintiffs' motion to remand. Judge Chang took that same approach in *Apa*, a similar Illinois tobacco case, denying the defendants' motion to dismiss without prejudice while remand remained pending. *See* Minute Entry, *Apa v. R.J. Reynolds Tobacco Company et. al.*, No. 26−cv−03513 (N.D. Ill. Apr. 13, 2026), attached as Exhibit 1.

includes claims of negligence, strict liability, fraudulent concealment, fraudulent misrepresentation, and conspiracy against the Manufacturer Defendants, and negligence (Count II) against defendant Walgreens. Walgreens is liable under Illinois law for selling the cigarette products of Manufacturer Defendants when it had knowledge of the defects in the cigarettes that made them unreasonably dangerous, and such knowledge was superior to that of consumers like Plaintiff Deborah Sarno. This superior knowledge arose in part out of the close relationship that Walgreens has fostered with the tobacco industry since at least the 1970s.

Walgreens has now moved to dismiss the claims against it pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The complaint "does not need detailed factual allegations," but only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The federal plausibility pleading standard requires only that a plaintiff provide enough detail in the complaint to give the defendant fair notice of what the claims against it are and the grounds upon which they rest, and show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief based on the facts alleged. *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

Applying these standards, Walgreens' motion to dismiss should be denied because Plaintiffs properly stated claims for negligence against it. Indeed, the arguments raised by Walgreens are the same arguments raised by defendants in opposition to a motion for leave to file

a similar amended complaint in *Dowdle v. Philip Morris USA Inc.* and rejected by Judge Alonso, who found that the plaintiff had pled actionable claims against Walgreens. *See* Combined Orders, *Dowdle*, Case No. 18-cv-3554, Dkt. No. 134, attached as Exhibit 2. The arguments are also identical to the arguments it has raised in the Circuit Court of Cook County in cases involving the same substantive allegations that are before this Court. Like Judge Alonso, Cook County judges have repeatedly rejected Walgreens' arguments, finding that the plaintiffs' complaints have stated actionable claims under the heightened fact-pleading requirements of the Illinois Code of Civil Procedure. See Exhibits 2-5. Likewise, this Court should find that Plaintiff has stated a claim for negligence against Walgreens here.

## I.    COUNT II STATES A CLAIM AGAINST WALGREENS FOR NEGLIGENCE

### A.    The Complaint Properly Alleges a Duty Based Upon Walgreens' Superior Knowledge of the Dangers and Defects in Manufacturer Defendants' Cigarette Products

Count II sounds in negligence against Walgreens. A product liability action asserting a claim based on negligence falls within the framework of common law negligence. *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 263 (2007). Thus, a plaintiff must establish the existence of a duty of care owed by the defendant, a breach of that duty, an injury that was proximately caused by that breach, and damages. *Id.*

Plaintiffs have properly pleaded those elements in the Complaint. Count II alleges that Walgreens owed a duty to use reasonable care in placing into the stream of commerce only products which were reasonably safe for their intended use, and to refrain from selling any product which it knew or should have known was unreasonably dangerous and defective when used as designed, and when it knew or should have known that consumers lacked such knowledge about the defects or dangerous conditions of the product. Compl. ¶71. Walgreens breached this duty when it distributed and sold Manufacturer Defendants' cigarette products, which it knew had

defects that were not known to consumers like Mrs. Sarno. Compl. ¶52-53, 72. Mrs. Sarno has suffered injuries as a direct and proximate result of the use of the defective products that she purchased from Walgreens. Compl. ¶4, 8, 9, 42, 74. These allegations are sufficient to state a claim for negligence under Illinois law. *See generally Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 915 (N.D. Ill. 2011).

Walgreens does not dispute that a retailer can be held liable under Illinois law if it had knowledge of the dangers and health risks of Manufacturer Defendants' cigarette products above and beyond that of the general public, and indeed such claims are actionable. *See Jones v. UPR Products, Inc.*, 2015 WL 3463367, *5 (N.D. Ill. May 29, 2015) ("To state a products liability claim based on negligence, the plaintiff must show that the defendant 'knew or should have known of the risk posed by the product.'"); Restatement of Torts (2nd) § 389 ("One who supplies directly … a chattel for another's use, knowing or having reason to know that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for physical harm caused by such use to those whom the supplier should expect to use the chattel or to be endangered by its probable use, and who are ignorant of the dangerous character of the chattel …"); *Lewis v. Lead Industries Ass'n, Inc.*, 342 Ill. App. 3d 95, 100 (1st Dist. 2003) (Citing Restatement (Second) of Torts §389 for the proposition that "The supplier of an unreasonably dangerous product may be liable for injuries proximately caused by the product in a negligence action.").

Rather, Walgreens argues that the Complaint does not plausibly allege that it had any such superior knowledge. *See* Def. Memo at 4-7. However, the Complaint contains specific factual allegations that Walgreens had superior knowledge, based in part on its close relationship with the tobacco industry, including Manufacturer Defendants. Compl. ¶46-67. Walgreens has only

recently begun disclosing this superior knowledge, admitting on its website that "smoking affects you in more ways than you know[.]" Compl. ¶¶53-57. While other similar retailers like Target and CVS have stopped selling Manufacturer Defendants' cigarette products because they were aware that the products' defects would result in the death of half of their customers who used such products on a daily basis, Walgreens chose to continue to sell an unreasonably dangerous and highly-addictive product that it knew its customers, like Plaintiff Mrs. Sarno, could not easily quit. Compl. ¶57.

As alleged in the Complaint, Walgreens reached out to the tobacco industry, including Manufacturer Defendants, in the 1970s to side with them in creating a false controversy to dispute the harmful effects of cigarettes. Compl. ¶58- 65. Aware of the unreasonable dangers and defects of such cigarette products that were unknown to its customers, Walgreens later sought indemnification from the tobacco industry for selling these products unknowing customers. Compl. ¶63. These and other allegations in the Complaint show that Walgreens was aware of the defective and unreasonably dangerous nature of cigarettes it was selling, and that its knowledge was superior to that of the general public. Therefore, Walgreens owed a duty of care under Illinois law to consumers, including Plaintiff Mrs. Sarno.

Because the Complaint specifically identifies unreasonably dangerous defects of cigarette products for which Walgreens had actual knowledge, dismissal is not proper under 735 ILCS 5/2-621(c)(2). *See Whelchel v. Briggs & Stratton Corp.,* 850 F. Supp. 2d 926, 936 (N.D. Ill. 2012) (No dismissal under the Seller's Exception Statute where complaint alleges that retailer had actual knowledge of specific defects in a mower that made it unreasonably dangerous); *Kopitke v. DePuy Orthopaedics*, 2011 WL 856865, *3 (N.D. Ill. March 8, 2011) (The Seller's Exception Statute did not apply where Plaintiff alleged that the Illinois distributor had actual knowledge of the defect).

Walgreens argues that these allegations are insufficient because Plaintiff does not show how it was "'at fault' in failing to disclose its 'actual knowledge' in a way that 'actively contributed in some way to the injury.'" Def. Mot. at 12-13. However, Section (c)(2) of the Seller's Exception Statute does not impose any requirements of fault, but merely states that dismissal is not proper if the plaintiff can show "[t]hat the defendant had actual knowledge of the defect in the product which caused the injury, death or damage." 735 ILCS 5/2-621(c)(2). "Actual knowledge" under the statute requires knowledge of the "unreasonably dangerous nature of the physical characteristics/design of the product." *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill. App. 3d 768, 775 (1st Dist. 2008).

Implicitly acknowledging that the factual allegations in the Complaint state an actionable negligence claim under Illinois law, Walgreens disputes the substantive merits of the case, arguing that its website and internal documents referenced in the Complaint do not support Plaintiffs' factual allegations. Memo p.5-7. While these arguments may later form part of a motion for summary judgment, they provide no basis to find that the Complaint fails to state a claim for negligence against Walgreens. Walgreens' argument that this Court should consider Walgreens' website and other documents in ruling on its Rule 12(b)(6) motion is improper, as this is only allowed where the exhibit is central to a claim, and is aimed at cases interpreting contracts. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Plaintiff is not basing his negligence claim on the website or other referenced documents, but has listed them in the Complaint as examples of how Walgreens had superior knowledge above and beyond their customers. As the Court's consideration of a Rule 12(b)(6) motion must be limited to the "four corners of the complaint," it should decline Walgreen's invitation to consider extraneous evidence. *Rosenthal Collins Group, LLC v. Trading Technologies International*, No. 05 C 4088, 2005 U.S.

Dist. LEXIS 37504, at *2 (N.D. Ill. Dec. 26, 2005) ("Under Rule12(b)(6) analysis, we will not look beyond the four corners of the complaint in determining whether plaintiff has stated a claim.").

Walgreens notes that Judge Norgle in *Clay v. Philip Morris* found that similar allegations were not sufficient to state a claim for negligence against Walgreens. Def. Mot. at 2-3, 7. A review of the *Clay* order shows that the court improperly evaluated the weight and credibility of the factual allegations, and applied a much higher standard than required under the federal rules. Illinois state judges have rejected Walgreens' identical arguments using Illinois' higher pleading standards, and have concluded that the allegations before this Court "are on their face sufficient to plead the four elements of a negligence cause of action." *See Bukowski* Order, attached as Exhibit 3; *see also Prescott* Order, attached as Exhibit 4 ("In her complaint, plaintiff alleges that Walgreens gained superior knowledge through its close relationship with tobacco companies. At the pleading stage – before any discovery has taken place – these allegations are sufficient to establish Walgreens' duty."); *Stoklosa* Order, attached as Exhibit 5 (holding the same).

The Complaint alleges sufficient facts to show that Walgreens possessed information about the dangers of Manufacturer Defendants' cigarette products that were unknown to consumers like Mrs. Sarno, and that this knowledge was obtained through the close relationship between Walgreens and the tobacco industry. Accepting these factual allegations as true and drawing all possible inferences in Plaintiff's favor, these allegations state a duty in negligence under Illinois law that is plausible on its face. The factual specificity urged by Walgreens regarding its own superior knowledge is not required by the federal pleading standards, and is unreasonable at this stage in the proceedings before discovery has occurred. *See Bartolotta v. Dunkin' Brands Group, Inc.*, 2016 WL 7104290, *3 (N.D. Ill. December 6, 2016) (Finding that it is unreasonable to require

Plaintiff to provide further factual allegations where information is likely to be in the exclusive possession of Defendants). Plaintiff has alleged facts which plausibly plead a claim for negligence against Walgreens.

The Complaint does not seek to hold Walgreens liable merely because it sold cigarettes, and so the citation to *Hale v. Bayer Corporation*, 2015 WL 5474298 (S.D. Ill. Sept. 16, 2015) and the other cases cited by Defendant where the retailer did not have superior knowledge of dangers of a product is misplaced. *See In re Estate of Compton*, 2012 IL App (4th Dist.) 101002, ¶13-14 (A peripheral transportation company with no knowledge does not owe the same duties as a manufacturer or seller of a defective product); *Turner v. Northern Illinois Gas Co.*, 401 Ill. App. 3d 698, 711-712 (2nd Dist. 2010) (Gas company did not have actual or constructive notice that homeowner's pipes were defective). The Complaint alleges that Walgreens breached its duty of care by selling cigarette products that it knew to be defective and unreasonably dangerous, that it possessed knowledge that consumers like Mrs. Sarno did not have, and that Mrs. Sarno suffered injuries as an actual and proximate cause of Walgreens' negligence. Walgreens does not dispute that it can be held liable in negligence under Illinois law when it had superior knowledge, and this is precisely what the Complaint alleges. Accordingly, the motion to dismiss must be denied.

### B. The Complaint Properly Alleges Proximate Cause

Walgreens also argues that the Complaint fails to allege that its negligence was the proximate cause of any injury. Def. Mot. at 8-9. The Complaint specifically alleges that Walgreens breached its duty of care by selling cigarettes to Mrs. Sarno that it knew were defective and unreasonably dangerous when Plaintiff did not have the same knowledge, and that Plaintiff suffered injuries, including lung cancer, that were caused by smoking defective cigarette products that were sold by Walgreens. Compl. ¶4, 8, 45, 72. The Complaint also specifically alleges that

had Walgreens "not sold to Mrs. Sarno cigarette products which it knew were defective and unreasonably dangerous, Mrs. Sarno would not have started smoking and/or smoked less cigarettes and/or stopped smoking at an earlier age, and her risk of injury from cigarettes would have been reduced or possibly eliminated." Compl. ¶73. These allegations are sufficient to show that it is plausible that Walgreens' negligence was a cause of Mrs. Sarno's injuries.

Substantive questions concerning proximate cause "are factual matters for the jury to decide." *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 454 (1992). Thus, whether Walgreens' sale of tobacco products caused or contributed to Mrs. Sarno's injuries, and whether her injuries would have occurred notwithstanding Walgreens' negligent conduct of selling defective cigarette products are questions of fact that provide no basis to find that Plaintiff has not stated an actionable claim for negligence. The Complaint properly alleges that Walgreens' negligence in selling cigarette products that it knew were dangerous and defective when Mrs. Sarno lacked the same knowledge was a cause of Mrs. Sarno's injuries, and thus states a claim for negligence under Illinois law. See Exhibit 3 at 15-16; Exhibit 4 at 10; Exhibit 5 at 10.

## II. PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW

Finally, Walgreens argues that the negligence claim against it is preempted by section 1334 (b) of the Federal Cigarette Labeling and Advertising Act, which states in its entirety as follows:

> No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter.

15 U.S.C. §1334 (b). The United States Supreme Court has made it clear that this provision only preempts claims of strict liability for failure to warn and other claims relating to advertising and promotion of cigarettes, but does not generally preempt state tort law. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524-525 (1992); *see also Freightliner Corp. v. Myrick*, 514 U.S. 280, 289 (1995) ("[I]n *Cipollone* we engaged in a conflict pre-emption analysis of the . . . [Labeling Act] .

. . and found 'no general, inherent conflict between federal preemption of state warning requirements and the continued vitality of state common-law damages actions.'"); *R.J. Reynolds v. Marotta*, 214 So. 3d 590, 600 (Fla. 2017) ("While Congress did expressly preempt state and local regulations pertaining to the labeling and advertising of cigarettes, there is no indication that Congress had a 'clear and manifest purpose to insulate the tobacco industry from state tort liability'"). Thus, Plaintiffs' claim against Walgreens, which are not based upon advertisements or promotion of cigarettes, are not pre-empted.

Walgreens argues that "any claim that Walgreens should have provided additional or different warnings to Plaintiff is preempted by federal law." Def. Mot. 11-12. However, the Complaint does not allege that Walgreens was negligent for failing to warn Plaintiff, but rather that Walgreens breached the standard of care by selling cigarette products that had defects and were unreasonably dangerous when it knew that consumers like Plaintiff Mrs. Sarno did not have similar knowledge. Compl. ¶136. Federal law does not preempt a claim for negligence in selling a defective product.

The cases cited by Walgreens are distinguishable because they either involve express claims for failure to warn, or involve different products and federal statutory schemes that are broader in scope than the Labeling Act. *See Crooke v. R.J. Reynolds*, 978 F. Supp. 1482 (N.D. Ga. 1997) (Negligence claim that retailer breached duty to warn plaintiff about dangers of cigarettes barred by the Labeling Act); *Miles v. S.C. Johnson & Son*, 2002 WL 31655188 (N.D. Ill. Nov. 25, 2002) (All claims against retailer of drain cleaner preempted by the Federal Hazardous Substances Act and Poison Prevention Packaging Act). Walgreens tellingly does not cite a single case holding that the Labeling Act bars state tort claims for selling defective and unreasonably dangerous cigarette products, and indeed there is no federal preemption for such claims. *Graham v. R.J.*

*Reynolds Tobacco Co.*, 857 F.3d 1169, 1188 (11th Cir. 2017) (The Labeling Act does not protect cigarette sales from liability).

Walgreens' citation to *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000) for the proposition that Congress has "foreclose[d] the removal of tobacco products from the market" is misleading, as the *Brown* Court was addressing the regulatory authority of the FDA to ban cigarettes. The holding has nothing to do with the preemption of state tort law claims imposing liability for the negligent sale of defective cigarette products. *See Marotta*, 214 So. 3d at 597 ("[W]hile it is clear *Brown & Williamson* held that the FDA was foreclosed from banning cigarettes, it is also clear that this holding does not extend to the states.").

Nothing in the Labeling Act or any other federal statute protects Walgreens from tort liability for selling cigarettes that it knew were defective and unreasonably dangerous when it also knew that consumers like Plaintiff lacked knowledge of the dangers. *Graham*, 857 F. 3d at 1186 ("[F]ederal tobacco laws do not preempt state tort claims based on the dangerousness of all the cigarettes manufactured by the tobacco companies."); *Major v. R.J. Reynolds Tobacco Co.*, 14 Cal. App. 5th 1179, 1192 (Cal. App. 2017) (Finding no federal preemption of state tort law for the sale of cigarettes). As federal preemption does not apply to Plaintiffs' negligence claim against Walgreens, the motion to dismiss should be denied.

## CONCLUSION

The Complaint alleges sufficient facts to plausibly show that Walgreens had actual knowledge of the defects and dangers of the cigarette products it was selling, which were unknown to consumers like Mrs. Sarno, because it had a close relationship with the tobacco industry. Plaintiffs' allegations satisfy the "actual knowledge" exception of the Seller's Exception Statute

and plead and actionable claim for negligence. For these reasons, Walgreens' motion to dismiss should be denied.

Dated: May 18, 2026

Respectfully submitted,

**DEBORAH M. SARNO** and
**JOHN P. SARNO**

 /s/ Peter J. Flowers

Peter J. Flowers, One of Plaintiffs' Attorneys

MEYERS & FLOWERS, LLC

Peter J. Flowers, Esq.
Jonathan P. Mincieli, Esq.
3 North Second Street, Suite 300
St. Charles, Illinois 60174
(630) 232-6333
pjf@meyers-flowers.com
jpm@meyers-flowers.com
Chicago Office:
225 W. Wacker, Suite 1515
Chicago, IL 60606


AND

Alex Alvarez, Esq.
Michael A. Alvarez, Esq.
Michael J. LaMonica, Esq.
THE ALVAREZ LAW FIRM
3251 Ponce De Leon Blvd.
Coral Gables, FL 33156
(305) 444-7675
Alex@talf.law
Michael@talf.law
Michael.LaMonica@talf.law

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Walgreen Co.'s Partial Motion to Dismiss Plaintiffs' Complaint, was served upon all counsel of record via the Court's CM/ECF electronic filing system.


_/s/ Peter J. Flowers_____

Attorney for Plaintiff