UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH M. SARNO and JOHN P. SARNO, )
)
Plaintiffs, )
)                        No. 26 C 2652
v. )
)                        Judge Sara L. Ellis
PHILIP MORRIS USA INC., a Virginia )
for-profit corporation, R.J. REYNOLDS )
TOBACCO COMPANY, a North Carolina )
for-profit corporation, LIGGETT GROUP LLC, )
a Delaware for-profit limited liability )
corporation, and WALGREEN CO., )
an Illinois corporation, )
)
Defendants. )

**OPINION AND ORDER**

Plaintiff Deborah Sarno developed lung cancer with metastasis to the brain, allegedly

from smoking cigarettes manufactured, marketed, and sold by Defendants Philip Morris USA

Inc., R.J. Reynolds Tobacco Company, and Liggett Group LLC (the "Manufacturer

Defendants"). Along with her husband, John, she filed this lawsuit against the Manufacturer

Defendants and Walgreen Co. ("Walgreens"), in the Circuit Court of Cook County. Plaintiffs

bring various state law claims, including a negligence claim against Walgreens. The

Manufacturer Defendants removed the case to this Court, contending that diversity jurisdiction

exists notwithstanding the inclusion of Walgreens, an Illinois citizen, as a Defendant. Plaintiffs

now move to remand the case to state court, arguing that the Manufacturer Defendants cannot

establish fraudulent joinder.[1] Because the Manufacturer Defendants have not shown that

Plaintiffs' claims against Walgreens have no chance of success, the Court cannot find that

---

[1] Philip Morris and Walgreens have also filed motions to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6).

Plaintiffs fraudulently joined Walgreens and so remands the case to the Circuit Court of Cook County.

## BACKGROUND

Deborah Sarno began smoking Marlboro brand cigarettes in the 1970s. Walgreens distributed and sold cigarettes that Deborah purchased and smoked. Deborah quit smoking in 2014. She has been diagnosed with lung cancer with metastasis in the brain, allegedly caused by smoking.

According to Plaintiffs, Walgreens had superior knowledge to the public about the unreasonably dangerous nature of cigarette smoke. Specifically, Walgreens had a close relationship with the tobacco industry, reaching out in 1977 to offer its support for the tobacco industry with respect to the health controversy surrounding tobacco products. In 1993, Walgreens sought indemnification from cigarette manufacturers for future lawsuits against it when it became aware of litigation involving defective cigarette products. And in 2008, a cigarette manufacturer acknowledged that "[n]o tobacco product has been shown to be safe and without risks." Doc. 1-1 ¶ 64 (alteration in original). Walgreens also continued selling cigarettes even though many other national retailers had stopped doing so, with Walgreens choosing to sell cigarettes alongside smoking cessation devices to maximize profits. Only recently has Walgreens begun disclosing its knowledge of cigarettes' harmful effects, detailing, for example, scientific evidence of the dangerous components of cigarette smoke on its website.

Plaintiffs allege that Walgreens had a duty to use reasonable care in placing products into the market. They claim that Walgreens should not have sold cigarettes because it knew cigarettes were defective and unreasonably dangerous. Plaintiffs contend that Deborah

developed lung cancer as a direct and proximate result of Walgreens' negligence in selling these products.

## LEGAL STANDARD

A defendant may remove a case filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court may remand a case for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

A party seeking a different forum on the basis of fraudulent joinder "bear[s] a heavy burden" and must show that the plaintiff falsely pleaded certain jurisdictional facts or that the plaintiff has no chance of succeeding on its claim against the non-diverse defendants. *Poulos v. Naas*, 959 F.2d 69, 73 (7th Cir. 1992). To find fraudulent joinder based on the second prong, a court must conclude that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the [non-diverse] defendant." *Id.* The fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under" Rule 12(b)(6). *Schur*, 577 F.3d at 764; *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). If the Court finds fraudulent joinder, the Court may disregard the non-diverse defendant's inclusion when analyzing diversity of citizenship, assume jurisdiction over the case, and dismiss the non-diverse defendant. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013).

3

**ANALYSIS**

Plaintiffs and the Manufacturer Defendants disagree on the viability of Plaintiffs' claims against Walgreens, whose presence as a defendant destroys diversity unless the Court finds that Plaintiffs fraudulently joined Walgreens to the action. The Manufacturer Defendants argue that no reasonable probability exists that Plaintiffs can succeed on their negligence claim against Walgreens. *Poulos*, 959 F.2d at 73. In conducting its analysis, the Court looks to Illinois law to determine whether Plaintiffs have any reasonable probability of success against Walgreens. *Schur*, 577 F.3d at 764.

The Court does not write on a blank slate in considering this exact question. At least seven courts in this district have declined to find that a plaintiff has no chance of succeeding on a negligence claim stemming from cigarette sales against Walgreens. *See Jordan v. R.J. Reynolds Tobacco Co.*, No. 21 C 941, Doc. 40 (N.D. Ill. Apr. 26, 2021); *Jones v. Philip Morris USA, Inc.*, No. 20-cv-3349, 2021 WL 12179449 (N.D. Ill. Feb. 16, 2021); *Dispenza v. Philip Morris USA Inc.*, No. 20 C 5190, Doc. 37 (N.D. Ill. Dec. 2, 2020); *Stone v. Philip Morris USA Inc.*, No. 20 C 5198, Doc. 38 (N.D. Ill. Oct. 26, 2020); *Andersen v. Philip Morris USA Inc.*, No. 19 C 5812, 2020 WL 433867 (N.D. Ill. Jan. 28, 2020); *Smith v. Philip Morris USA Inc.*, No. 18 C 06397, 2019 WL 4750119 (N.D. Ill. Sep. 30, 2019); *Mitchell v. Philip Morris USA Inc.*, No. 18-cv-7739, 2019 WL 1787587 (N.D. Ill. Apr. 24, 2019). But the Manufacturer Defendants nonetheless seek a different conclusion here, relying on *Clay v. Philip Morris USA Inc.*, in which the court found that the plaintiff fraudulently joined Walgreens to the action. No. 1:18-cv-03549, 2018 WL 11198356 (N.D. Ill. Nov. 6, 2018); *see also Int'l Bhd. of Teamsters Loc. 734 Health & Welfare Tr. Fund v. Philip Morris, Inc.*, No. 97 C 8113, 1998 WL 242130 (N.D. Ill. May 8, 1998) (finding fraudulent joinder where the plaintiffs' allegations did not state a claim

against several distributors of cigarettes).[2]  But in *Clay* and *Teamsters*, the court focused on the fact that the plaintiffs had included only conclusory allegations about the distributor defendants, *Clay*, 2018 WL 11198356, at *2–3; *Teamsters*, 1998 WL 242130, at *4–5, while Plaintiffs here have included more specific allegations, *see Andersen*, 2020 WL 433867, at *4 ("[U]nlike the plaintiff in *Teamsters* and *Clay*, Andersen has alleged specific facts that suggest that the Manufacturer Defendants may have shared information about cigarettes' health consequences with Walgreens.").  Moreover, several Illinois state courts have allowed similar negligence claims against Walgreens to proceed past the motion to dismiss stage, suggesting that a claim against Walgreens does have some reasonable probability of success here too.  *See Dispenza*, No. 20 C 5190, Doc. 37, at 5–6 ("[T]he Court cannot ignore that the Defendants are currently parties in numerous lawsuits in which state courts have found that claims nearly identical to the instant ones are indeed actionable.  At bottom, there is a reasonable possibility that a state court would rule against Walgreens in this action.  We know that because many of them *already have*." (citation omitted)).

The Court nonetheless briefly addresses the Manufacturer Defendants' more specific arguments.  First, they contend that Walgreens did not design or manufacture the cigarettes in question and so is not a proper Defendant.  But this does not matter to Plaintiffs' negligence claim, where Plaintiffs seek to impose liability based not on design or manufacture but rather on an independent duty that Walgreens allegedly had to not sell products that it knew or reasonably

---

[2] The Manufacturer Defendants also note that the court in *Dowdle v. Philip Morris USA Inc.* denied a motion to remand.  No. 18 C 3554, Docs. 104, 121 (N.D. Ill. Oct. 24, 2018).  But as even the Manufacturer Defendants must admit, the *Dowdle* court later allowed the plaintiff to amend the complaint to rename Walgreens as a defendant and remanded the case to state court because Walgreens' presence destroyed complete diversity.  *Id.*, Doc. 138 (N.D. Ill. Feb. 19, 2019).

should have known were unsafe. *See Mitchell*, 2019 WL 1787587, at *4 (noting that some cases have held that a "supplier of an unreasonably dangerous product" can be held liable for negligence, meaning "at least an open question [exists] as to whether merely providing 'shelf space' gives rise to a duty of care under Illinois law"). Plaintiffs allege that Walgreens had superior knowledge of the danger of cigarettes that ordinary consumers, like Plaintiffs, did not. *See Smith*, 2019 WL 4750119, at *3 (finding that plaintiff's "facts suggest that Walgreen was at the very least in close communication with tobacco industry leaders and manufacturers, including Phillip Morris and RJ Reynolds, about the dangers of cigarettes, and may have obtained knowledge on that topic that was not otherwise available to—and therefore superior to—the knowledge of the average smoker"). While the Manufacturer Defendants challenge the sufficiency of these allegations, the Manufacturer Defendants ask too much from Plaintiffs under the fraudulent joinder standard. *See Salah v. Wal-Mart Stores, Inc.*, No. 3:16-CV-01163, 2017 WL 131581, at *2 (S.D. Ill. Jan. 13, 2017) ("Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not 'fraudulent' for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides."); *see also Mitchell*, 2019 WL 1787587, at *4 ("[C]onclusory pleading, while fatal on a Rule 12(b)(6) motion, does not necessarily result in a finding of fraudulent joinder.").

Along these same lines, the Court does not find the Manufacturer Defendants' arguments about proximate cause persuasive. Proximate cause typically is a question for the jury. *Smith*, 2019 WL 4750119, at *4; *see also Jones*, 2021 WL 12179449, at *2 (concluding that Defendants' arguments about the "sufficiency of the facts supporting the claim, including as to proximate causation" were more appropriate for motion practice than to a fraudulent joinder

6

inquiry given that the latter inquiry "is less searching"). Moreover, Plaintiffs have pleaded a basis to find a reasonable probability that they could prevail on proximate cause: "[t]here is nothing impossible about [Plaintiffs'] contention that [s]he would have refrained from buying and smoking cigarettes if the retailers themselves had provided [her] adequate warnings." *Smith*, 2019 WL 4750119, at *4.

Finally, the Court rejects the Manufacturer Defendants' argument that the Federal Cigarette Labeling and Advertising Act ("FCLAA"), 15 U.S.C. §§ 1333, 1334(b), preempts Plaintiffs' negligence claim at this stage. The FCLAA provides that "[n]o requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C. § 1334(b). But Plaintiffs make clear they do not bring a failure to warn claim against Walgreens based on cigarette advertising or promotions. Instead, Plaintiffs claim that Walgreens breached an independent duty by continuing to sell cigarettes despite knowing of the harmful consequences that accompanied their sale. The Court therefore cannot find the negligence claim against Walgreens preempted at this time. *See Jones*, 2021 WL 1217949, at *2 (rejecting the argument that the FCLAA preempts a negligence claim against Walgreens where the plaintiff did not advance a failure to warn theory); *see also Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1186 (11th Cir. 2017) ("[F]ederal tobacco laws do not preempt state tort claims based on the dangerousness of all the cigarettes manufactured by the tobacco companies.").

In summary, because the Manufacturer Defendants have not carried their burden to show fraudulent joinder, Walgreens remains a proper Defendant. As a result, the Court does not have diversity jurisdiction over the case and must remand it to state court.

## II.    Attorneys' Fees and Sanctions

Finally, Plaintiffs ask that the Court award them their attorneys' fees under 28 U.S.C. § 1447(c) and impose sanctions under Rule 11 for the Manufacturer Defendants' improper removal of the case.  The Court denies Plaintiffs' request for attorneys' fees and sanctions.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Court may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Court should award fees "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal," but "if clearly established law did not foreclose a defendant's basis for removal," the Court should decline to award fees. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).  While the Court does not find *Clay*, *Teamsters*, or, more generally, the Manufacturer Defendants' arguments persuasive, and many other courts have found against the Manufacturer Defendants on this exact issue, the Manufacturer Defendants made a reasonable argument given that "no Seventh Circuit or Supreme Court opinions squarely address[ ] defendants' position." *Jordan*, 2021 WL 4498960, at *2.  Therefore, the Court does not find a fee award appropriate here.

Rule 11 sanctions serve "to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).  Under Rule 11, an attorney certifies that, "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the contentions she makes in a filing are "not being presented for any improper purpose," "are warranted by existing law or by a nonfrivolous argument" for changing the law, and have evidentiary support.  Fed. R. Civ. P. 11(b).  The party seeking Rule 11 sanctions must

8

serve the opposing party with a letter or demand "describ[ing] the specific conduct that allegedly violates Rule 11(b)" and then allow the opposing party twenty-one days to remedy the purportedly offending filing before presenting its sanctions request to the Court. Fed. R. Civ. P. 11(c)(2); *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 559 (7th Cir. 2019). The purpose of this safe-harbor provision "is to require parties to notify their opponents of possible frivolous arguments or claims contained in a [filing] and to give them [ample] opportunity to withdraw or correct that flawed [filing]." *Interface Sec. Sys., L.L.C. v. Edwards*, No. 03-4054, 2006 WL 8444029, at *16 (C.D. Ill. Mar. 30, 2006). Rule 11(c) also requires that a plaintiff make a motion for sanctions "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Here, Plaintiffs make no claim to have served the Manufacturer Defendants with the required safe-harbor letter, and they also have improperly included their request for sanctions in the same motion as their request for remand. Moreover, as already discussed, the Court does not find the Manufacturer Defendants' position on the propriety of removal objectively unreasonable. Therefore, the Court does not find Rule 11 sanctions appropriate here.

CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for remand and for award of costs and fees under 28 U.S.C. § 1447(c). The Court remands this case to the Circuit Court of Cook County, Illinois. The Court denies Defendants' motions to dismiss [19, 28] as moot.

Dated: August 3, 2026

SARA L. ELLIS
United States District Judge

9